IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| BRENT L. LEMONS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-05-243-S-MHW |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| JEFF CONWAY, I.C.C. Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

    Pending before the Court in this habeas corpus matter is Respondent's Motion for Summary Dismissal (Docket No. 8-1). Both parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Having completed a careful review of the above-entitled action, including the record herein and the record of the state proceedings, and having considered

MEMORANDUM ORDER  1

the arguments of the parties, the Court enters the following Order granting the Motion and dismissing this case.

I.

## MOTION TO DISMISS
## ON STATUTE OF LIMITATION GROUNDS

A.     **Standard of Law**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In such case, the Court construes the facts in a light most favorable to the petitioner.  When a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings.  *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986).[1]  A court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment.  *Id.*  Accordingly, the Court shall take judicial notice of those portions of the state court record provided by the parties.

The Petition in this case is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted in 1996.  Under AEDPA, petitioners have a one-year statute of limitations period within which to file a federal habeas corpus

---

[1]*abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 111 S.Ct. 2166 (1991).

MEMORANDUM ORDER   2

petition.  The one-year period usually begins to run from the date the state court judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  If a petitioner does not seek review of a state district court judgment, it becomes final on the expiration of the time within which he could have filed a direct appeal, which is a time period of 42 days under Idaho Appellate Rule 14.  *See Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001).

AEDPA also contains a tolling provision that stops the one-year limitation period from running during the time in "which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  The Ninth Circuit has interpreted 28 U.S.C. § 2244(d)(2) to mean that the one-year statute of limitation is tolled for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (citation and internal quotation marks omitted).

The Ninth Circuit has also clarified that the federal habeas corpus statute of limitation runs independently from any state post-conviction statute of limitation.  In *Ferguson v. Palmateer*, 321 F.3d 820 (9th Cir. 2003), the petitioner, an Oregon state prisoner, filed his state post-conviction relief petition within Oregon's two-year statute of limitation, but outside of 28 U.S.C. § 2244(d)'s one-year statute of limitation for federal

MEMORANDUM ORDER   3

petitions.  *Id.* at 822.  When he attempted to file a federal petition after exhausting his claims in state court, the district court dismissed it as untimely.  *Id.*

On appeal to the Ninth Circuit, Ferguson argued that strict enforcement of the federal statute of limitation rendered habeas corpus an inadequate or ineffective remedy and violated the Suspension Clause in Article I, § 9 of the Constitution.  *Id*. at 822.  Specifically, Ferguson argued that a literal interpretation of the statute created a "'trap' for state prisoners who availed themselves of state remedies in a timely fashion, only to find themselves barred from federal court."  *Id*. at 823.  In rejecting this contention, the Ninth Circuit concluded that it is unreasonable for a state prisoner to rely on the state statute of limitation rather than AEDPA's statute of limitation.  *Id.*  The Court held that "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."  *Id*.

**B.     Discussion of Statute of Limitation Issue**

On December 5, 1999, Petitioner was involved in a two-car accident that injured the driver of the other vehicle.  Petitioner was also injured and taken to the hospital, where the hospital performed blood tests for his diagnosis and treatment.  A specific blood-alcohol-content (BAC) test was not performed for the purpose of determining Petitioner's blood-alcohol level.  Prosecutors twice attempted to charge Petitioner with DUI, and twice the charges were dismissed for lack of evidence.  *See State's Exhibit C-1*.

On January 25, 2001, prosecutors again filed charges against Petitioner, this time asserting that they could use a "conversion factor" to convert the serum blood analysis

MEMORANDUM ORDER   4

results to a whole blood BAC reading.  Defense counsel advised Petitioner that this method was valid and would likely result in a DUI conviction.  One day before the preliminary hearing, Petitioner entered into a plea bargain agreement to plead guilty to a charge of felony DUI rather than aggravated DUI.  On June 18, 2001, Petitioner was sentenced to an incarceration period of one year fixed and four years indeterminate.  A judgment of conviction was entered on July 24, 2001.

Petitioner filed a direct appeal, but later requested voluntary dismissal of the appeal.  *See State's Exhibits A-1, B-1, & B-2*.  The Idaho Supreme Court granted Petitioner's motion to dismiss and issued its remittitur on December 20, 2001.  *See State's Exhibits B-3 & B-4*.  Petitioner's conviction became final on that date, because Petitioner could not proceed to a higher court on his claims as a result of his voluntary dismissal.

Petitioner and Respondent agree, and the Court concurs, that the federal statute began to run on December 20, 2001.  Petitioner filed a motion for credit for time served on June 11, 2002 (using the date Petitioner signed the petition as the filing date under the mailbox rule).  The motion was denied on June 27, 2002.  *See State's Exhibit C-1*, at pp. 4-10.  Next, Petitioner filed a motion for production of documents on December 23, 2002 (again, using the signature date as the filing date).  The Court responded to the letter on December 30, 2002.  *State's Exhibit C-1*, at pp. 11-12.

Assuming without deciding that these filings tolled the statute of limitation, the Court concludes that Petitioner's statute ran from December 20, 2001, to June 11, 2002, a period of 173 days, leaving 192 days of the statute of limitation period left.  The statute

MEMORANDUM ORDER  5

was tolled from June 11 to June 27, a period of 16 days.  It began running again on June 27, and ran for 179 days, until December 23, 2002, leaving 13 days of the statute remaining (173 + 179 = 352; 365 - 352 = 13).  It began running again on December 30, 2002, when the Court answered his letter.  Because Petitioner had nothing pending in the state court after December 30, 2002, his statute ran 13 days later, on January 12, 2003.  Petitioner next filed a motion to withdraw his guilty plea in the state court on July 14, 2003, but that was too late to statutorily toll the federal statute, which had already run.  *See Ferguson v. Palmateer*, *supra*.  Petitioner's federal petition, filed in June 2005, was untimely.

C.     **Discussion of Equitable Tolling Issue**

Because Petitioner's Petition was filed in a untimely manner, the Court can hear his claims only if he can establish that equitable tolling should be applied.  In *Pace v. DiGuglielmo*, 125 S.Ct. 1807 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."  *Id*. at 1814.

Petitioner first asserts that the Court should apply the mailbox rule, which the Court has done regarding Petitioner's state-court filings, where applicable.  Using the mailbox rule for his federal filing date nets him only four additional days (June 16, 2005, instead of June 20, 2005).  *See Houston v. Lack*, 487 U.S. 266 (1988) (a legal document from a prisoner is deemed filed on the date he delivers it to the prison authorities for

MEMORANDUM ORDER   6

filing by mail, rather than the date it is actually filed with the clerk of court).  In this case, counting the additional days Petitioner is due under the mailbox rule is not enough to bridge the large gap of untimeliness, as noted above.

Petitioner next asserts that the statute should be tolled because he was not able to discover "new evidence" supporting the illegality of his conviction until October 31, 2002, or December 8, 2002.  The new evidence is a copy of his blood analysis report from his hospitalization on December 5, 1999.

Petitioner's own hospital records are not "new evidence," just because he failed to request copies of them in 1999.  It was clear from the very first dismissed prosecution in 1999, that the blood analysis report existed and was the primary piece of evidence in his case.  Petitioner's argument that the prosecutor was prevented by federal law from redisclosure of the record is unavailing.  Petitioner had the right to obtain the medical report directly from the hospital because it is his own medical record.

Petitioner also requests tolling for periods of time in which he did not have his records during transfers to and from incarceration facilities.  In *Espinoza-Matthews v. California*, 432 F.3d 1021, 1027 (9th Cir. 2005), the court held that denial of access to one's legal records is grounds for equitable tolling.  The total amount of the time requested is 56 days.  Even if the Court tolls that time, it would not result in a timely filing of his habeas petition, when the statute ran in January 2003, and the federal petition was filed in June 2005.

MEMORANDUM ORDER   7

Petitioner also asserts that he is actually innocent of the crime.  Petitioner has not provided any evidence showing he is actually innocent.  He has not shown that the State could not have used a conversion method to find him guilty of the offense.  The police officer noted that Petitioner had heavy alcohol on his breath at the hospital directly after the incident.  *See State's Exhibit A-3*.  His presentence report also contains other indicia of habitual excessive alcohol consumption.  *See State's Exhibit A-3*.

Petitioner himself admitted in open court that he was guilty of driving under the influence on the date of the accident.  *State's Exhibit A-2*, at p. 6.  Also on that date, Petitioner's counsel stated:

> The accident was the result of bad conditions on the road.  It was snowy and icy, and everybody was having a hard time. . . .  He is adamant that he doesn't believe that he caused the accident.  But he does agree he was intoxicated at the time.

*State's Exhibit A-3*, at p. 12.  Petitioner has brought forward no evidence addressing accident causation as a basis for his actual innocence contention.  Rather, his argument is that he was not legally intoxicated, notwithstanding his and his counsel's open-court admissions that he was, in fact, intoxicated.

In *Blackledge v. Allison*, 431 U.S. 63 (1977), the United States Supreme Court explained the high threshold for a showing of actual innocence after a guilty plea:

> [T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory

MEMORANDUM ORDER   8

>allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

431 U.S. at 73-74.

Further, Petitioner's plea of guilty was to the charge of felony DUI, which required him to have two prior offenses of a similar nature within five years. He admitted in open court that he had been found guilty of DUI in January 1996 and April 1996. *Id*. The record shows that all of the elements of felony DUI were satisfied.

Based upon all of the foregoing, the Court concludes that Petitioner has not provided sufficient evidence to show that he is actually innocent, and, therefore, equitable tolling does not apply in this case.

**D.     Conclusion**

Petitioner has not shown that he filed a timely petition, or that equitable tolling should apply to toll all of the time period required to allow the Court to hear his Petition. As a result, his Petition is dismissed with prejudice, and the Court does not reach the procedural default question raised in Respondent's Motion to Dismiss.

## II.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion to Dismiss (Docket No. 8) is GRANTED. Petitioner's Petition is dismissed with prejudice.

MEMORANDUM ORDER   9



DATED: **March 7, 2006**

Honorable Mikel H. Williams
United States Magistrate Judge

MEMORANDUM ORDER   10